# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MELISSA MILLER, Individually and on behalf of all others similarly situated, | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | |
| v. | Case No.: 2:21-cv-4194 |
| MARC JONES CONSTRUCTION, LLC d/b/a SUNPRO SOLAR | **JURY TRIAL DEMANDED** |
| & | |
| MARC JONES | |
| & | |
| JOHN DOE CORPORATIONS 1 THROUGH 10, and OTHER JOHN DOE ENTITIES 1 THROUGH 10, all whose true names are unknown | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Melissa Miller, individually and on behalf of all others similarly situated, and through undersigned counsel, and for her Complaint against Defendant Marc Jones Construction, LLC d/b/a Sunpro Solar (hereinafter "Solar") and Defendant Marc Jones (hereinafter "Jones") John Doe Corporations1 Through 10 and Other John Doe Entities 1 Through 10, all whose true names are unknown, ("John Does", and together with Solar and Jones, "Defendants") and for their violations under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and Mo. Rev. Stat 407.010, Missouri Merchandising Practices Act ("MMPA"), states to the Court as follows:

## INTRODUCTION

1. The TCPA was enacted in response to widespread public outrage about the

1

proliferation of intrusive, nuisance telemarketing practices. Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012).

2. Defendants, upon information and belief, make auto-dialed calls to individuals across the country.

3. Defendants attempts to telemarket their products and services to consumers across the country.

4. Unfortunately, Defendants do not obtain prior express written consent to place these autodialed telemarketing calls, does not abide by the FTC's do-not-call list, and does not maintain its own internal do-not-call list, and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5. These autodialed calls placed by Defendants caused Plaintiff and class members to suffer actual harm and legal injury. Plaintiff has suffered aggravation, invasion of privacy, nuisance due to receiving such calls. Plaintiff and class members suffered from the diminished use, enjoyment, utility, and value of their telephones as these calls interfered with their access to their cell and residential phones.

6. The TCPA was enacted to protect consumers from unauthorized and unwanted autodialed calls exactly like the ones alleged in this case. See Mims v. Arrow Fin Servs., LLC, 132 S.Ct., 740, 745 (2012). Defendants placed these autodialed calls despite the fact that Plaintiff never provided Defendants with prior express written consent to receive them.

7. Senator Hollings, the TCPA's sponsor described these autodialed calls as "the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).

8. By placing the autodialed calls at issue to individuals on both the FTC do-not-call

registry and who should be on an internal do-not-call list, Defendants have violated the privacy and statutory rights of Plaintiff and caused her to suffer actual harm by subjecting her to the aggravation that necessarily accompanies the receipt of such repeated and unauthorized autodialed calls.

9. Plaintiff therefore seeks an injunction requiring Defendants to stop using an autodialer to place telemarketing calls and messages to telephones, to stop allowing phone calls to numbers on the FTC's do-not-call registry, and to maintain and abide by an internal do-not-call registry, as well as an award of actual and statutory damages, together with costs and reasonable attorneys' fees.

**PARTIES**

10. Plaintiff Melissa Miller ("Plaintiff") is a resident of the State of Missouri.

11. Defendant Marc Jones Construction, LLC d/b/a Sunpro Solar is a Louisiana limited liability company organized in the state of Louisiana with its principal place of business in Mandeville, Louisiana.

12. Sunpro Solar is a registered trademark of Marc Jones Construction, LLC.

13. Defendant Jones is an individual domiciled in the state of Louisiana and upon information and belief, resides at 529 Twin River Drive, Covington, Louisiana 70433.

14. Defendant Jones is the owner, organizer, controller, and upon information and belief, is an executive for Solar.

15. Upon information and belief Defendant Jones has complete and total control over the conduct and actions of Solar.

16. Defendant Jones, upon information and belief, controls the marketing strategy of Solar, including its decision to employ unlawful telemarketing strategies.

17. Defendant Jones is vicariously liable for Solar's actions as he had agency over determining marketing strategies, who received calls, and how these were limited.

18. Defendant, upon information and belief, has employed unlawful tactics to procure information from consumers in order to make auto-dialed calls to such consumers.

19. Upon information and belief, Defendants provide phone numbers to various individuals and third-parties in order to have such parties solicit consumers on Defendants' behalf.

20. Upon information and belief, Defendant Jones is vicariously liable for Solar's actions as they had agency over the phone numbers Solar were provided, control over whether proper consent was obtained to use such phone numbers, and upon information and belief, directed Solar to make such calls or solicit such calls and messages, knowing proper authorization had not been obtained.

21. Defendants, upon information and belief, have employed unlawful tactics to procure information from consumers and made auto-dialed calls to consumers, including Plaintiff.

22. Upon information and belief, Defendants John Doe Corporations 1 through 10 (the "Corporate Defendants") are corporations, the names and addresses of residence of which are unknown.

23. Upon information and belief, Defendants Other Entity Defendants 1 through 10 (the "Other Entity Defendants") are other legal entities, the names of addresses of residences of which are unknown.

## **JURISDICTION AND VENUE**

24. This Court has personal jurisdiction over Defendants because Defendants frequently transacts business in this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri.

25. Venue is proper because a substantial part of the events, actions, and omissions of Defendants, which give rise to the claims and subjects Defendants to liability for this auto-dialed calling campaign and failure to maintain and internal do-not-call list, occurred in this circuit.

26. Plaintiff resides in this venue and received the at-issue calls while in this venue.

27. Plaintiff's area code, (417), is associated with the western half of Missouri. Thus, any party texting or calling Plaintiff should reasonably expect Plaintiff to reside in this district.

28. Defendant Solar is incorporated in and domiciled in the state of Louisiana with its principal place of business located in Mandeville, Louisiana and attempts to market and sell its services throughout the entire country.

29. Defendant Jones purposefully availed himself of this jurisdiction by instructing individuals to call an individual it knew was in Columbia, Missouri.

30. Plaintiff is an individual located in Columbia, Missouri.

31. Defendant John Does must have interacted with, or otherwise availed themselves of this jurisdiction by communicating with, or instructing others to communicate with Plaintiff, whom they knew resided in this venue.

32. This Court has personal jurisdiction over Defendants because they have purposefully availed itself of this jurisdiction and specifically, this Circuit, as the events giving rise to this lawsuit occurred in and emanated from, in substantial part, this Circuit.

## **TCPA BACKGROUND**

33. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

34. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.

Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call…is the only effective means of protecting telephone consumers from this nuisance and privacy invasion. *Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

## The TCPA imposes vicarious liability on third-parties who do not physically dial the calls

35. Under the TCPA, a seller of a product or service may be vicariously liable for a third-party marketer's violations of Sections 227(b) and 227(c), even if the seller did not physically dial the illegal call, and even if the seller did not directly control the marketer who did. *In re Joint Pet. Filed by Dish Network, LLC*, FCC 13-54 ¶ 37, 2013 WL 193449 (May 9, 2013) ("FCC Ruling").

36. A seller is liable under Sections 227(b) and (c) when it has authorized a telemarketer to market its goods or services. *Id.* ¶ 47.

37. Additionally, a seller may be vicariously liable for violations of those provisions under principles of apparent authority and ratification. Factors relevant to a finding of vicarious liability include:

    a. Whether "the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including…access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information,"

    b. Whether the outside sales entity can "enter consumer information into the seller's sales or customer systems,"

    c. Whether the outside sales entity has "the authority to use the seller's trade name, trademark and service mark,"

d. Whether the "seller approved, wrote or reviewed the outside entity's telemarketing scripts," and

e. "Whether the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct." *Id.* ¶ 46.

## STANDING

38. The TCPA, 47 USC 223(b)(3) confers a private right of action to any person an action based on violations the statute.

## FACTUAL ALLEGATIONS

39. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

40. On or about December 2020, Plaintiff inquired regarding sun the specific date better known by Defendants, Defendants began contacting Plaintiff via telephone via phone calls.

41. When the telemarketing campaign begin, Defendants attempted to telemark solar paneling products to Plaintiff.

42. Plaintiff does not otherwise have an existing relationship with Defendants.

43. Plaintiff is the regular user, owner, and only individual assigned to the personal phone number (417) 894-4439 and was the recipient of Defendants' calls to that number.

44. Plaintiff's personal phone number, (417) 894-4439 is assigned to her personal cellular phone service.

45. Plaintiff does not use this telephone line for any business purposes.

46. The calling campaign originally began on a date better known by Defendant.

47. In January 2021, Plaintiff advised that she no longer wished to receive calls.

48. Plaintiff informed Defendants that she was not interested in the services and wished for the calls to cease.

49. At that point in time, Defendants became aware they did not have a business relationship with Plaintiff, that Plaintiff did not wish to have a business relationship with Defendants, and that Plaintiff wished to be added to Defendants' internal do-not-call list.

50. Unfortunately, Defendants continued their telemarketing campaign.

51. Defendants made numerous calls from various numbers, always telemarketing the same solar products to Plaintiff.

52. Defendants made numerous phone calls from various numbers, even after being told that Plaintiff was not interested and wished to be placed on Defendants' do not call list.

53. After unequivocally revoking any consent to receive telemarketing phone calls, Defendants continued to contact Plaintiff.

54. Plaintiff received at least thirty-three (33) phone calls from Defendants after insisting that the telemarketing campaign cease.

55. Upon information and belief, Plaintiff has received well in excess of thirty-three (33) phone calls, to be determined by the discovery phase.

56. Each time Defendants attempted to push its service on Plaintiff, she again requested the communication cease.

57. Defendants refused to stop this harassment.

58. During one of Plaintiff's attempts to convince Defendants to stop calling her, the representative advised her to reconsider her request to be put on the do not call list.

59. Defendants knew that Plaintiff did not wish to be called but continued to do.

60. Plaintiff does not have a business relationship with Defendants, or any of its representatives or affiliates.

61. Plaintiff explicitly advised Defendants that she wished to no longer receive these telemarketing communications from Defendants.

8

62. Plaintiff has had to constantly endure these harassing telemarketing calls throughout her day as they invaded upon her privacy and solitude.

63. Defendants knew that they continued to call to attempt to telemarket services from an individual who attempted to prevent her phone number from receiving such harassing calls.

64. These continued calls were harassing and intended to frustrate Plaintiff.

65. Upon information and belief, some or all of these calls utilized an artificial and pre-recorded voice to deliver unsolicited information to Plaintiff.

66. Plaintiff instructed Defendants' agents/representatives to stop calling her device.

67. Even if Defendants believed they had consent to call Plaintiff, Plaintiff made clear that they did not have consent and should cease all calls.

68. Despite clearly and unequivocally revoking any consent Defendants may have believed they had to call Plaintiff, Defendants continued to place automated calls to Plaintiff.

69. Upon information and belief, Defendants' "systems" include an auto-dialer system and internal Do Not Call Lists.

70. Upon information and belief, Defendants continued to call individuals placed on the internal Do Not Call List despite consumer's requests to be placed on such a list.

71. Upon information and belief, Defendants utilize other third-party John Doe companies in order to make some or all of these telemarketing calls on their behalf.

72. As these third-parties John Does called on behalf of Defendants, and upon information and belief, Defendants knew of the failure to maintain proper procedures, Defendants are liable for such phone calls.

73. Each call made by John Does on behalf of Defendants is attributable not only to John Does, but to Defendants as well.

74. Were in not for Defendants seeking telemarketing calls in this illegal manor, such calls would not have been made to Plaintiff by John Does.

75. Each subsequent call Defendants made to Plaintiff's telephone was knowing and willful and done so without the express consent of Plaintiff.

76. Defendants intentionally harassed and abused Plaintiff on numerous occasions by regularly calling several times in a row.

77. Upon information and belief, Defendants have engaged in business strategies that include marketing through illegal telemarketing calls.

78. Upon information and belief, Defendants have corporate policies to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's line in this case.

79. Not a single call placed by Defendants to Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 277(b)(1)(A).

80. Defendants willfully and knowingly violated the TCPA with respect to Plaintiff.

81. Each phone call placed by Defendants to the Plaintiff's phone without consent caused Plaintiff to suffer the injury of invasion of privacy and the intrusion upon her right of seclusion.

82. Each phone call placed by Defendants to the Plaintiff's phone without consent caused Plaintiff to suffer the injury of unnecessary expenditures to her time. For the calls Plaintiff answered, the time spent on these calls was unnecessary as Plaintiff repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time silencing the call or deleting the voicemail. This also impaired the usefulness of Plaintiff's phone, which is designed to inform the user of important and legitimate missed communications.

83. Each phone call placed by Defendants to the Plaintiff's phone without consent caused Plaintiff to suffer the injury of occupation of her phone line by unwanted calls, making the phone

unavailable for legitimate callers, messages, or outgoing calls and messages, while the phone was alerting Plaintiff to yet another call from Defendants.

84. Each phone call where a voice message was left by Defendants without the consent of the Plaintiff occupied space in Plaintiff's phone.

85. Every phone call placed by Defendants without express consent to Plaintiff's phone resulted in injury of trespass to Plaintiff's chattel, namely her telephone.

86. As a result of the calls described above, Plaintiff was affected in a personal and individualized way through stress, anxiety, nervousness, distress and aggravation.

87. Defendants' conduct has caused Plaintiff to suffer damages including, but not limited to, the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding her situation.

## **CLASS ALLEGATIONS**

88. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

89. The identities of all class members are readily ascertainable from the records of Defendant.

90. Excluded from the Plaintiff's Class are Defendants, and all officers, members, partners, managers, directors, and employees of Defendants, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

91. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether Defendants' communications with the Plaintiff, such as the above stated claims, violate provisions of the TCPA.

92. Plaintiff's claims are typical of the class members, as all are based upon the same facts

and legal theories.

93. Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

94. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity**: Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether Defendants' communications with the Plaintiff, including its failure to abide by the FTC do-not-call list and failure to maintain an internal do-not-call list, such as in the above stated claims, violate provisions of the TCPA.

    c. **Typicality**: Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of Plaintiff's Class defined in this complaint have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither

the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudication which could establish incompatible standards of conduct for Defendants who, upon information and belief, instigate the autodialed calling of do-not-call registered individuals throughout the United States of America.

95. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the TCPA, and is tantamount to declaratory relief and any monetary relief under the TPCA would be merely incidental to that determination.

96. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

97. Further, Defendants have acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

98. Depending on the outcome of further investigation and discovery, Plaintiff may, at the

time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

99. This cause of action is brought on behalf of Plaintiff and the members of a class.

100. The class consists of all persons whom Defendants' records reflect were sent a telemarketing calls by Defendants, and (a) whose phone numbers are registered with a cellular device or residential phone line; (b) who had not given written consent to be subjected to these calls; or (c) had explicitly revoked or made clear the lack of consent to make such calls; or (d) were on the FTC's do-not-call registry; and (e) the Plaintiff asserts that the phone calls described contained violations of the TCPA for making telemarking calls in which they had no authority or right to make to Plaintiff and all those in the Class.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER
## PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*
## Autodialer Violations

101. Plaintiff, individually and on behalf of all others similarly situated, incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

102. The foregoing acts and omissions of the Defendants constitutes violations of the TPCA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq*.

103. Defendants violated the TCPA by (a) initiating a telephone call using an automated dialing system to Plaintiff's cellular telephone number assigned to her, or (b) by the fact that others caused the initiation of those calls on its behalf. *See* C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

104. The TCPA provides a private right of action, wherein a person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

    a. An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation.

14

b. An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater; or

c. Both such actions.

105. The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

106. The TCPA is a strict liability statute and Defendants are liable to Plaintiff, individually, and on behalf of all others similarly situated, even if its actions were only negligent.

107. Defendants knew or should have known that: (a) Plaintiff had unequivocally revoked any given express permission or invitation for Defendants or anyone else to initiate a telephone call using an automated dialing system to Plaintiff's telephone number to solicit information about Defendants, and that (b) Plaintiff had unequivocally revoked any give express permission or invitation for Defendants or any one else to initiate telemarketing calls to Plaintiff.

108. If the Court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (b) of this paragraph. 47 U.S.C. § 227(b)(3).

109. Plaintiff, and all others similarly situated, is also entitled to and do seek injunctive relief prohibiting the Defendants' violation of the TCPA in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court grant Plaintiff, and all others similarly situated, the following relief against the Defendants:

a. Injunctive relief prohibiting such violations of the TCPA by the Defendants in the future;

b. As a result of the Defendants' willful and/or knowing violations of 47 U.S.C. § 227, Plaintiff, and all others similarly situated, seek treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA;

c. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff, and all others similarly situated, seek $500 in statutory damages for each and every call that violated the TCPA;

d. A declaration that Defendants' conduct violated the TCPA and that this action is just and proper;

e. An award of costs and such further relief as the Court may deem just and proper;

f. That this Court award pre-judgment and post-judgment interest at the statutory rate of 9%;

g. That this Court award Plaintiff's its attorney fees and all expenses incurred in preparing and prosecuting this claim; and

h. Such other relief as this Court may deem just and proper.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*
### Do Not Call Violations

110. Plaintiff, individually and on behalf of all others similarly situated, incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

111. The foregoing acts and omissions of the Defendant constitutes violations of the TPCA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq*.

112. Defendants violated the TCPA by failing to maintain reasonable procedures to place Plaintiff, and all others similarly situated, on their internal do not call list, as well to abide by its internal do not call list once individuals are placed on such a list.

16

113. The TCPA provides a private right of action, wherein a person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

    a. An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation.

    b. An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater; or

    c. Both such actions.

114. The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

115. The TCPA is a strict liability statute and Defendants are liable to Plaintiff, individually, and on behalf of all others similarly situated, even if its actions were only negligent.

116. Defendants called a residential telephone subscriber who had registered her telephone number on the Missouri do-not-call registry of persons who do not wish to received telephone solicitations.

117. Defendants called a consumer telephone subscriber on her personal cellular device who had asked numerous times to be on its company-specific do-not-call lists, and thus failed to maintain its internal do-not-call list so as to cease calling individuals who request Defendants do so.

118. If the Court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (b) of this paragraph. 47 U.S.C. § 227(b)(3).

119. Plaintiff, and all others similarly situated, is also entitled to and do seek injunctive relief prohibiting the Defendants' violation of the TCPA in the future.

**PRAYER FOR RELIEF**

17

Case 2:21-cv-04194-BCW   Document 1   Filed 10/14/21   Page 17 of 20

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court grant Plaintiff, and all others similarly situated, the following relief against the Defendants:

    a. Injunctive relief prohibiting such violations of the TCPA by the Defendants in the future;

    b. As a result of the Defendants' willful and/or knowing violations of 47 U.S.C. § 227, Plaintiff, and all others similarly situated, seek treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA;

    c. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff, and all others similarly situated, seek $500 in statutory damages for each and every call that violated the TCPA;

    d. A declaration that Defendants' conduct violated the TCPA and that this action is just and proper;

    e. An award of costs and such further relief as the Court may deem just and proper;

    f. That this Court award pre-judgment and post-judgment interest at the statutory rate of 9%;

    g. That this Court award Plaintiff's its attorney fees and all expenses incurred in preparing and prosecuting this claim; and

    h. Such other relief as this Court may deem just and proper.

## COUNT III
## VIOLATIONS OF MISSOURI CONSUMER FRAUD
## AND DECEPTIVE BUSINESS PRACTICES ACT Chapter 407

117. Plaintiff, individually, and on behalf of all others similarly situated, incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

118. In accordance with Chapter 407, Plaintiff, and all others similarly situated, bring Count II for Defendants' unfair practice of making unsolicited and unlawful telephone calls to Plaintiff's telephone number without permission or after permission has been revoked:

>All persons who, on or after four years prior to the filing of this action, were sent telephone messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

119. Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri public policy, which public policy violations in the aggregate caused substantial injury to Plaintiff.

120. Defendants' misconduct caused damages to Plaintiff, including loss of the exclusive use of her telephone, loss of time, and emotional distress.

121. Plaintiff routinely uses her telephone. Defendants' actions prevented Plaintiff from using her telephone during the time Defendants contacted Plaintiff's telephone for Defendants' unlawful purposes. Plaintiff lost valuable time receiving Defendant's unlawful telephone calls.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court grant Plaintiff, and all others similarly situated, the following relief against the Defendants:

a. That this Court award judgment against Defendants in a total amount in excess of the $25,000 jurisdictional amount of this Court to be proven at trial;

b. That this Court award damages to Plaintiff, and all others similarly situated;

c. That this Court award punitive damages to Plaintiff, and all others similarly situated;

d. That this Court declare that Defendants' conduct violated the MMPA and that this action is just and proper;

e. That this Court award Plaintiff, and all others similarly situated, damages and attorney fees for violation of The Missouri Consumer Fraud and Deceptive Business Practices Act Chapter 407;

f. That this Court award Plaintiff's attorneys' fees and costs;

g. That this Court award Plaintiff all expenses incurred in preparing and prosecuting these claims;

h. That this Court enter an injunction prohibiting Defendants from such violations of the MMPA by the Defendants in the future; and

i. Awarding such further relief as this Court may deem just and proper.

## JURY DEMAND

122. Plaintiff hereby demands a jury trial on all counts so triable.

Dated: October 14, 2021

                                                Respectfully Submitted,
                                                **HALVORSEN KLOTE**

By: /s/ Samantha J. Orlowski

Samantha J. Orlowski, #72058
Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
sam@hklawstl.com
joel@hklawstl.com
*Attorneys for Plaintiff*